## In re Sarama

*John F. Burgess*, for petitioner.

ROSEN, J., July 5, 1938.—Petitioners, Stanley Sarama and Jean Sarama, are husband and wife. The husband is of age and the wife is a minor, 20 years of age. The husband is the owner of premises 150 Grape Street, Philadelphia, Pa., and has entered into an agreement for the sale of these premises. Because of the minority of the wife, petitioners request this court to enter an order under section 2 of the Revised Price Act of June 7, 1917, P. L. 388, as amended by the Act of July 1, 1937, P. L. 2659, 20 PS §1563, to authorize some person to sign, acknowl-

edge, and deliver a deed to the premises in question for and on behalf of the minor wife.

There seems to be no necessity for this proceeding, because where the legal title is held by the husband, an adult, whose wife is a minor, she may join with him in the conveyance of the husband's property, and such joinder by the minor wife is effective to bar her dower interest in the premises. This is expressly and clearly provided by the Act of March 22, 1865, P. L. 30, 21 PS §51, entitled, "An Act to authorize, and make valid, conveyances by wives, during their minority, of their interests in their husband's real estate", and which act provides:

"That the deed of conveyance, executed and acknowledged by a wife, in conjunction with her husband, of his real estate, shall be valid and effectual, notwithstanding the minority of the wife at the time of such execution and acknowledgment, and any such deed, heretofore made, shall be as valid as if the wife had, at the time, been of lawful age."

The Act of 1865, supra, was not repealed or impaired by subsequent legislation. Section 3 of the Revised Price Act, supra, provides:

"Nothing herein contained shall be taken to repeal or impair the authority of any act of Assembly, general or private, authorizing the sale of real estate, by decree of court or otherwise; nor to affect or impair any rights or powers, otherwise existing in any person or corporation, to do any of the acts which the court is empowered to authorize or confirm under the provisions of section one of this act."

A similar clause was contained in the original Price Act of April 18, 1853, P. L. 503, and the amendment thereto of June 14, 1897, P. L. 144. We conclude, therefore, that the Act of 1865 is still in force.

If the Revised Price Act confers jurisdiction upon this court to entertain a petition under its provisions where legal title is held by an adult husband whose wife is a minor, these petitioners may still proceed under this act

in spite of the provisions of the Act of 1865. However, an examination of the original Price Act and the Revised Price Act leads us to a contrary conclusion.

The original Price Act of 1853 conferred jurisdiction upon the court "whenever a husband shall own real estate having a wife who is . . . a minor". The Act of 1865, above quoted, was enacted subsequent to the original Price Act. In his book, The Acts for the Sale of Real Estate, Eli K. Price, writing in 1874, and referring to the above Act of 1865, said, at page 96:

"The case of a minor-wife, as to the husband's estate, is provided for by a recent act, which enables her to join with him in executing the deed, and to thereby bar her dower."

However, this provision in the original Price Act was reënacted in the amendment of 1897, supra.

The Revised Price Act, supra, repealed the original Price Act of 1853, supra, and the amendment of 1897. There was omitted from the Revised Price Act the case where legal title is in an adult husband whose wife is a minor. This was an intentional omission because of the existence of the Act of 1865. In the Report of the Commission Appointed to Codify and Revise the Law of Decedents' Estates (1917), a special note to section 2 of the Revised Price Act states, page 342:

"This section throws together and makes similar the provisions as to the disability of the spouse of a married man or a married woman. *The case of the minority of the wife is omitted as unnecessary in view of the Act of March 22, 1865, P. L. 30*". [Italics supplied.]

Section 2 of the Revised Price Act of 1917 confers jurisdiction in the case where the legal title "Or any interest therein is held by any person under legal disability to dispose thereof". Because of the Act of 1865, the minor wife of an adult husband is not "under legal disability to dispose" of her dower rights in the husband's real estate, and, since the case of a minor wife of an adult husband is not covered by any of the other specif-

ically enumerated cases listed in the Revised Price Act, we must conclude that this proceeding cannot be maintained.

For the foregoing reasons, the petition is dismissed.